UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A05-02092-DMD<br><br>MICHAEL LAWRENCE KUENZI,<br><br>Debtor. | Chapter 7 |
| KENNETH W. BATTLEY, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>VICKIE L. DYAS,<br><br>Defendant. | Adversary No. A06-90056-DMD<br><br>**Filed On**<br>**2/7/07** |

## MEMORANDUM REGARDING ABSTENTION AND DISMISSAL

The trustee has filed a complaint for subdivision and partition of property. The defendant has filed a motion to dismiss for failure to state a claim. I feel dismissal is appropriate, but for reasons other than the grounds alleged by the defendant. The trustee is essentially seeking specific performance of a contract to sell land by the defendant. This is a state law claim, subject to abstention in appropriate circumstances. 28 U.S.C. § 1334(c)(1) provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Ninth Circuit has endorsed the factors set forth in *In re Republic Reader's Service, Inc.*,[1] for determining when permissive abstention is appropriate.[2] These factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[3]

Application of the factors here supports permissive abstention. I will address each of the factors in numerical order.

(1) If abstention is recommended, the effect on the efficient administration of this estate will be nominal. Although the trustee would have to pursue his claim in state court rather than bankruptcy court, this would not be an impediment to estate administration. (2) State law issues predominate in this adversary proceeding. In fact, there are no bankruptcy issues to be determined by the complaint. (3) The applicable state law does not appear to be difficult or unsettled. (4) There is no related proceeding in state court or other nonbankruptcy court. (5) There is no basis for

---

[1] 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

[2] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166-67 (9th Cir. 1990).

[3] *Id., citing Republic Reader's Service*, 81 B.R. at 429.

2

jurisdiction other than 28 U.S.C. § 1334. But for the debtor's bankruptcy filing, there would be no basis for federal jurisdiction. (6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case is difficult to quantify. The real property in controversy is listed on the schedules and has not been claimed as exempt. The realty is an asset of this estate which the trustee is trying to administer. This fact alone is not a basis for federal jurisdiction, however. (7) The substance of the asserted "core" proceeding is non-existent. The trustee alleges this action is a core proceeding under 28 U.S.C. § 157(b)(2)(M) and (O). But this is not a proceeding to approve the "use or lease of property, including the use of cash collateral" under § 157(b)(2)(M). Nor can the catch-all provision of § 157(b)(2)(O) be used to transform this claim into a "core" proceeding.[4] (8) It is not feasible to sever state law claims from bankruptcy claims because there are no bankruptcy claims asserted in the complaint. (9) The burden of this proceeding on this court's docket would be nominal. Bankruptcy filings are at an all time low. (10) I think it is likely that the trustee would prefer to bring this action in a bankruptcy forum. (11) There may be a right to a jury trial. Neither party has sought a jury trial at this time. (12) The defendant Vickie L. Dyas is a nondebtor party.

      Weighing all of the above factors, I conclude that the interests of justice and comity with state courts will be served by abstention. I feel this proceeding should be dismissed, without prejudice, so the trustee may pursue these claims in state court. Before an order of dismissal is entered, however, the parties will be given an opportunity to show cause, in writing, why this court should not abstain.

---

[4] *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir. 1986).

3

An order will be entered consistent with this memorandum.

DATED: February 7, 2007.

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve: W. Artus, Esq.
E. Conard, Esq.
P. Gingras, Adv. Case Mgr.  - served 2/7/07 – pg.

2/7/07